UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY LAMAR CALHOUN,

        Petitioner,

                                              Criminal Case No. 15-cr-20024
v.                                           Honorable Linda V. Parker

UNITED STATES OF AMERICA,

        Respondent.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR INEFFECTIVE ASSISTANCE OF COUNSEL [ECF NO. 37]

Petitioner Gregory Lamar Calhoun ("Petitioner" or "Defendant"), confined at Central Michigan Correctional Facility in St. Louis, Michigan, filed a *pro se* motion alleging ineffective assistance of counsel. (ECF No. 37.) In particular, Petitioner contends that his defense attorney failed to request that his federal sentence run concurrent to his undischarged state sentence. (ECF No. 37 at Pg ID 145.) Because of this alleged failure, Petitioner requests that this Court order that his federal sentence run concurrent with his state sentence. (*Id.*)

On October 14, 2016, the Government filed a brief in opposition to Petitioner's motion. (ECF No. 45.) In their opposition brief, the Government construes Petitioner's motion as a motion to vacate his sentence, because "the government is not aware of any other provision or rule which would allow the

1

Court to change its sentence under these circumstances, and [Petitioner] has not cited such a provision." (*Id.* at Pg ID 193.) Further, the Government argues that Petitioner has failed to demonstrate ineffective assistance of counsel or that he is entitled to a different sentence. (*Id.* at Pg ID 196.) Petitioner filed a reply brief on October 31, 2016, reiterating that his attorney "didn't have [Petitioner's] best interest" by "not receiving certainty" that his federal and state sentences would run concurrently. (ECF No. 46 at Pg ID 198.) For the reasons that follow, the Court is denying Petitioner's motion for ineffective assistance of counsel.

## I. Factual and Procedural Background

Petitioner is currently serving a sentence after pleading guilty to one count of felon in possession of a firearm. (ECF No. 30 at Pg ID 89.) In the Rule 11 Plea Agreement, entered on August 26, 2015, the parties agreed that Petitioner's guideline range was 37 months to 46 months. (*Id.* at Pg ID 91.)

On November 23, 2015, defense counsel filed a sentencing memorandum on behalf of Petitioner. (ECF No. 34.) The sentencing memorandum includes a request "that any sentence [Petitioner is] given in this court run concurrent to any sentence imposed by Michigan for a parole violation." (*Id.* at Pg ID 120.) Defense counsel reiterated this request at the sentencing hearing. Specifically, defense counsel stated:

> We would also ask the Court just for, I guess, house cleaning
> purposes, when – whatever sentence you do decide to give him, just

2

> articulate that it would be concurrent with whatever the state sentence
> may be in the future. I know the state – the parole officer has
> expressed that if he's incarcerated by this Court, they probably would
> drop it. But just in the event they were to proceed while he's
> incarcerated and with a – with a parole violation and give him more
> time, I would just ask the Court to exercise its discretion and make
> this sentence concurrent with whatever the state may do.

(ECF No. 44 at Pg ID 177.) In response, this Court deferred to the state to make a decision on whether Petitioner would receive a concurrent sentence. (*Id.* at Pg ID 191.)

On January 11, 2016, Petitioner filed a motion for ineffective assistance counsel where he contends that his defense attorney failed to request that his federal sentence run concurrent to his undischarged state sentence. (ECF No. 37 at Pg ID 145.) Petitioner requests that this Court order that his federal sentence run concurrent with his state sentence. (*Id.*)

## II.    Legal Standard

In order to state a claim for ineffective assistance of counsel, a party must satisfy the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, Petitioner must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Id*. at 687. The "deficient performance" prong of this test "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*.

The "prejudice" prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* There must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "This does not require a showing that counsel's actions 'more likely than not altered the outcome,' " but "[t]he likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 111-12 (quoting *Strickland*, 466 U.S. at 693).

### III.  Analysis

As the Government notes, a claim alleging ineffective assistance of counsel is not the proper vehicle for amending or vacating a sentence. (ECF No. 45 at Pg ID 193.) A prisoner in custody may petition the Court to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. Here, Petitioner makes no reference to § 2255 or the language in the statute.

Assuming *arguendo* that a successful ineffective assistance of counsel claim could vacate, set aside, or correct Petitioner's sentence, his argument would fail. Petitioner alleges that his counsel's performance was deficient because he failed to request that Petitioner's sentence run consecutively to the undischarged state sentence. However, as noted earlier, defense counsel made that request in the

sentencing memorandum and at the sentencing hearing. (*See* ECF Nos. 34 at Pg ID 120; 44 at Pg ID 177.) Further, Petitioner does not cite any case law to demonstrate that the alleged failure of counsel to request concurrent sentences shows "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *See Strickland*, 466 U.S. at 687.

**IV. Conclusion**

Accordingly,

**IT IS ORDERED** that Petitioner's motion for ineffective assistance of counsel (ECF No. 37) is **DENIED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 12, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 12, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager
