UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                          Criminal Case No. 15-cr-20024
v.                                        Honorable Linda V. Parker

GREGORY LAMAR CALHOUN,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S REQUEST FOR RETROACTIVE SENTENCE APPLICATION (ECF NO. 48)

This matter presently is before the Court on Defendant Gregory Lamar Calhoun's request for a reduction of his sentence, filed March 12, 2018. (ECF No. 48.)

On August 26, 2015, Defendant pleaded guilty to one count of felon in possession of firearm, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 30.) At the time of Defendant's sentencing, Defendant was awaiting sentencing from the state court for a parole violation. At the sentencing hearing, Defendant requested that his federal sentence run concurrent to any sentence imposed by the state court. (ECF No. 44 at Pg ID 177.) This Court sentenced Defendant to 18 months of imprisonment and deferred the decision of whether Defendant would receive a concurrent sentence to the state. (*Id.* at Pg ID 191.)

1

On January 11, 2016, Defendant filed a motion for ineffective assistance of counsel where he argued that his defense attorney failed to request that his federal sentence run concurrent to his undischarged state sentence. (ECF No. 37 at Pg ID 145.) Defendant requested that this Court order that his federal sentence run concurrent with his state sentence. (*Id.*) This Court denied Defendant's request on July 12, 2017. (ECF No. 47.)

More recently, Defendant filed a letter with the Court seeking the same relief. (ECF No. 48.) In a letter dated February 23, 2018, the Court's case manager referred Defendant to the Designation and Sentencing Computation Center regarding his sentence. (ECF No. 48 at Pg ID 213.) On June 14, 2018, this Court received a letter from the Designation and Sentence Computation Center[1], inviting the Court to retroactively determine whether Defendant's federal sentence should run concurrent or consecutive to his state sentence. (ECF No. 52.) Accordingly, on June 28, 2018, this Court entered an Amended Judgment and ordered Defendant's 18-month sentence to run concurrent to the state sentence. (ECF No. 49.)

In response, on July 3, 2018, the government filed a motion to strike, arguing that the Court lacked authority to modify Defendant's sentence. (ECF No. 50.) Upon further review of the relevant law, the Court finds that the government

---

[1] The Assistant United States Attorney assigned to this case was copied on the letter.

is correct. A district court is authorized to modify a defendant's sentence once it has been imposed only in those instances where Congress expressly indicates. *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir.), *cert. denied*, 130 S. Ct. 318 (2009); *see also United States v. Watkins*, 655 F. App'x 478, 479 (6th Cir. July 21, 2016 (umpublished). 18 U.S.C. § 3582(c) describes those limited circumstances as follows: (1) where the Bureau of Prisons has moved for the modification based upon extraordinary and compelling circumstances warranting a reduction or the fact that the defendant is at least seventy years of age, has served at least thirty years in prison and presents no danger to the safety of the community, *see* 18 U.S.C. § 3582(c)(1)(A)(i) and (ii); (2) where modification is permitted under Federal Rule of Criminal Procedure 35, *see* 18 U.S.C. § 3582(c)(1)(B); (3) where the guideline range for the offense of conviction has been retroactively lowered, *see* 18 U.S.C. § 3582(c)(2); or (4) "to the extent otherwise expressly permitted by statute," *see* 18 U.S.C. § 3582(c)(1)(B).

Defendant's request for a reduced sentence is not within the limited circumstances where this Court is authorized to act. Furthermore, pursuant to 18 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." In the instant case, both the federal and state court were silent as to how the sentences should run. Therefore, the default is for the sentences to run consecutively.

As to Defendant's protestations that he did not receive credit to his federal sentence for the time he was in federal custody from February 17, 2015 through December 10, 2015, 18 U.S.C. § 3585(b) leaves the determination of sentencing credits to the Bureau of Prisons. *See United States v. Wilson*, 503 U.S. 329, 334-35 (1992) ("§ 3585(b) does not authorize a district court to compute the credit at sentencing.") Although Defendant was in federal custody from February 17, 2015 to December 10, 2015, the state had primary jurisdiction over Defendant because it arrested him first. *See Buxon v. United States*, No. 1:10-cv-2015, 2010 U.S. Dist. LEXIS 124078, at *9 (N.D. Ohio Nov. 23, 2010).

> "If, while under the primary jurisdiction of one sovereign, a defendant is transferred to the other jurisdiction to face a charge, primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign." *United States v. Cole*, 416 F.3d 894, 896-97 (8th Cir. 2005). "As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person." *Id*. Issuance of a writ of habeas corpus *ad prosequendum* does not change a defendant's custody status. *Id*. Therefore, petitioner's removal from the state by federal writ did not relinquish primary custody of the state. *Munz v. Michael*, 28 F.3d 795, 798 (8th Cir. 1994) (writ of habeas corpus *ad prosequendum* does not alter prisoner's custody status, but merely changes location of custody). The only function of such a writ is to cause the removal of a prisoner to the proper jurisdiction for prosecution. 28 U.S.C. § 2241(c)(5); *United States v. Boyes*, 305 F.2d 160, 161 (6th Cir. 1962). A writ of habeas corpus *ad prosequendum* is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving

>jurisdiction. *See Gipson v. Young*, 786 F.2d 1164, 1986
>WL 16497, at *2 (6th Cir. 1986).

*Buxon*, 2010 U.S. Dist. LEXIS 124078, at * 8-9. Furthermore, "[a] federal sentence does not begin to run . . . when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum*." *United States v. White*, 874 F.3d 490, 507 (6th Cir. Oct. 27, 2017) (quoting *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998)).

Accordingly,

**IT IS ORDERED** that Defendant's request (ECF No. 48) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant shall be committed to the custody of the United States Bureau of Prisons until the completion of his federal sentence.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 12, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 12, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager